UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | |
|---|---|
| **United States of America** | Case No. 13-CV-00535 |
| **Plaintiff,** | Judge Sandra S. Beckwith |
| vs. | |
| **Mortgage Electronic Registration Systems, Inc., et al.** | |
| **Defendants.** | |

### ANSWER OF CLAIMANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO AMENDED VERIFIED COMPLAINT FOR FORFEITURE IN REM

Now comes Claimant Mortgage Electronic Registration Systems, Inc. ("MERS"), by and through the undersigned counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, and for its Answer to Plaintiff's Complaint for Forfeiture in rem, states as follows:

1. Claimant MERS denies for lack of knowledge all of the allegations in the Complaint except the allegation that it has an interest in Defendant 11, which is the property commonly known as 1849 Madison Rd, Cincinnati, Ohio, 45206, and also admits any allegations in the Complaint that are a matter of public record.

2. Claimant MERS states that it has an interest in the property that is Defendant 11 in the form of a recorded first mortgage ("Mortgage") filed of record with the Hamilton County Recorder's Office December 6, 2004, Official Record No. 09798 02517 F G2 4 303.  The Mortgage secures a promissory note ("Note") in the original principal amount of

$641,250.00 executed and delivered by, Glenn A. Galemmo and Kristine E. Galemmo. Copies of the Note and Mortgage are attached hereto as Exhibits.

3. Claimant MERS denies any and all other allegations not specifically admitted or denied herein.

WHEREFORE, Claimant MERS requests that it be found to hold a good and valid first mortgage lien on the subject Property by virtue of its Mortgage referenced above and if the Property is sold at a judicial sale, that its interest be protected and that it be paid in the order of its priority.

Prepared by and respectfully submitted:

 /s/  Kevin L. Williams\
Kevin L. Williams (0061656)\
Manley Deas Kochalski LLC\
P. O. Box 165028\
Columbus, OH  43216-5028\
Telephone: 614-222-4921\
Fax:  614-220-5613\
Email: klw@manleydeas.com\
Attorney for Claimant Mortgage Electronic Registration Systems, Inc.

**\*Please note:  The documents attached hereto may have been redacted to remove personal information and personal identifiers, such as financial account information, social security numbers, dates of birth, and similar information to further protect the privacy of borrowers and mortgagors.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Answer of Claimant Mortgage Electronic Registration Systems, Inc. to Amended Verified Complaint for Forfeiture in rem, was electronically filed on this 6th day of November, 2013. Notice of this filing will be sent to the parties through the Court's Electronic Case Filing System. This filing may be accessed through the Court's system. The undersigned is further unaware of any party being represented by a non-CM/ECF participant.

/s/ Kevin L. Williams
Kevin L. Williams

November 6, 2013
Dated

**EXHIBIT**

## ADJUSTABLE RATE PROMISSORY NOTE
This Note is made pursuant to the provisions of
Chapter 1343 of the Ohio Revised Code, except that it is also subject to the provisions of the Depository
Institutions Deregulation and Monetary Control Act of 1980 and the Alternative Mortgage Transactions
Parity Act of 1982 and applicable regulations.

| NAMES OF ALL BORROWERS: | LENDER: THE CIT GROUP/CONSUMER FINANCE, INC. |
|---|---|
| GLENN A GALEMMO | 8044 MONTGOMERY ROAD |
| KRISTINE E GALEMMO | SUITE 225 |
| Mailing Address: 2545 S ROOKWOOD | SYCAMORE TOWNSHIP |
| CINCINNATI, OH 45208 | CINCINNATI, OH 45236  MIN: |

| LOAN NUMBER | DATE | INITIAL INTEREST RATE | DATE FINANCE CHARGE BEGINS TO ACCRUE | NUMBER OF PAYMENTS | DATE FIRST PAYMENT DUE |
|---|---|---|---|---|---|
|  | 11/29/04 | 8.250 % | 12/01/04 | 360 | 01/01/05 |

| AMOUNT OF FIRST PAYMENT | INITIAL AMOUNT OF OTHER PAYMENTS | DATE FINAL PAYMENT DUE | LIFETIME MAXIMUM RATE | PRINCIPAL BALANCE |
|---|---|---|---|---|
| $ 4,817.50 | $ 4,817.50 | 12/01/34 | 14.250 % | $ 641,250.00 |

| MARGIN | FIRST RATE CHANGE DATE | FIRST RATE CHANGE DATE MAXIMUM CHANGE | SUBSEQUENT RATE CHANGE FREQUENCY | SUBSEQUENT MAXIMUM CAHNGE PER ADJUSTMENT |
|---|---|---|---|---|
| 6.750 Percentage Points | 12/01/06 | 3.000 Percentage Points | Every 6 months | 1.000 Percentage Points |

This loan is secured by a Mortgage on the real property located at: _____
**1849 MADISON ROAD, CINCINNATI, OH 45206**

The words "I," "me," "my," and "us" refer to all Borrowers signing this Note. The words "you" and "your" refer to Lender or Lender's transferee. I understand that the Lender may transfer this Note.

**1. BORROWER'S PROMISE TO PAY**
  In return for a loan that I have received, I promise to pay the Principal Balance shown above plus interest to the order of the Lender. Interest will be charged on the unpaid principal beginning on the date shown above in the "Date Finance Charge Begins to Accrue" box and will continue until the Principal Balance has been paid in full.

**2. VARIABLE INTEREST RATES AND CHANGES IN MONTHLY PAYMENT AMOUNTS**
  The yearly interest rate in effect on the Date Finance Charge Begins To Accrue is the Initial Interest Rate shown above. The interest rate will not change until the First Rate Change Date. Thereafter, it may change periodically, as shown in the "Subsequent Rate Change Frequency" box above. The date on which a new rate may take effect is called the "Rate Change Date". Beginning with the First Rate Change Date, the interest rate will be based on an Index. The "Index" is the average of the interbank offered rates for six month U.S. Dollar deposits in the London market based on quotations of 5 major banks (LIBOR), as published in The Wall Street Journal. If the Index is no longer available, you will select a new index which is comparable to the discontinued Index and you will notify me of the change in the Index. The most recent Index figure available as of the date 45 days before each Rate Change Date is called the "Current Index." Before each Rate Change Date, you will calculate the new interest rate by adding no more than the Margin shown above to the Current Index. You will then determine the amount of the level monthly payment that will be sufficient to repay the then unpaid principal balance in full by the Date Final Payment Due. The interest rate will never be increased or decreased on any single Rate Change Date by more than the Subsequent Maximum Change per Adjustment shown above, except that on the First Rate Change Date the interest rate will never be increased or decreased by more than the amount shown in the First Rate Change Date Maximum Change box above. The interest rate will never be greater than the Lifetime Maximum Rate during the entire term of this loan and at no time during the term of this loan will the rate be increased above the rate permitted by law. The new interest rate will become effective on the Rate Change Date. The new monthly payment will begin on the first monthly payment date after the Rate Change Date and will remain in effect until the monthly payment changes again. You will deliver by mail to me a notice of any change in the rate and the amount of the new monthly payment at least 30 days before the effective date of any change. The notice will include information required by law and possibly certain other information as well. Rate decreases will be mandatory upon decreases in the Index determined on Rate Change Dates, but rate increases based upon increases in the Index will be optional with you. However, the fact that you may not have made a permissible increase in whole or in part will not be considered a waiver of your right subsequently to make any other permissible increase within the limits stated in this section. Adjustments in the rate will be given effect by changing the dollar amounts of remaining equal monthly installments so that the total amount due under this Note will, if all payments are made when due, be paid by the Date Final Payment Due of this loan.

**3. PAYMENTS**
  I will pay the principal and interest by making payments each month. My first payment will be in the amount shown above in the "Amount of First Payment" box. After the first payment, my monthly payments will be in the amount shown above in the "Initial Amount of Other Payments" box, unless the amount of my monthly payments is changed, in which case my monthly payments shall be calculated as set forth above in paragraph 2. I will make monthly payments on the same day of each month beginning on the date shown above in the "Date First Payment Due" box. I will make these payments every month until I have paid the Principal Balance of this Note and any other charges, described below, that I may owe under this Note. If on the "Date Final Payment Due" shown above I still owe amounts under this Note, I will pay all those amounts, in full, on that date, which is called the "maturity date." I will make my monthly payments at the address shown above under your name or at a different place if required by you.

**4. MY FAILURE TO PAY AS REQUIRED**
  **(A) Late Charge**
  If a payment is more than 15 days late, I will be charged a late charge equal to 5% of the unpaid amount of the payment or $50,
  SEE OTHER SIDE FOR ADDITIONAL IMPORTANT TERMS

I hereby acknowledge receipt of a
completed and signed copy of this Note.

_____ (Borrower)
GLENN A GALEMMO

_____ (Borrower)
KRISTINE E GALEMMO

_____ (Borrower)

2-2521A(09/03) Ohio First Mortgage (Prepayment Penalty) LIBOR

**CERTIFIED TRUE COPY**

whichever is less.

**(B) Check Collection Charge**

If I make a payment by check, negotiable order of withdrawal, share draft or other negotiable instrument and that instrument is returned or dishonored for any reason, I will pay you a check collection charge. The amount of the charge will be any amount passed on to you by any financial institution in connection with such instrument plus $10.

**(C) Default**

I will be in default if:
(1) I do not pay the full amount of any monthly payment on time;
(2) I default under the Mortgage as defined in section 9 which secures this Note or under any other mortgage which I enter into with you;
(3) I make an assignment for the benefit of creditors;
(4) I violate or fail to abide by any term or condition of this Note or any other agreement I have with you;
(5) I have made any statement or representation to you in connection with this loan which is false or incorrect;
(6) I begin (or if someone else begins against me) a case in bankruptcy, receivership, reorganization, rehabilitation, insolvency or any other matter whether or not similar to them; or if a receiver, sequestrator, liquidator, trustee, guardian, conservator or other judicial representative is appointed for me or any of my property; or
(7) My property becomes subject to a proceeding in eminent domain or other similar governmental action.

If I am in default, you may require me to pay immediately the full unpaid principal balance plus accrued and unpaid interest, and any other charges I owe under this Note.

**(D) Payment of Note Holder's Costs and Disbursements**

If I default and you require me to pay immediately in full as described above, I promise to pay your court costs and disbursements to which you may become entitled by law in any suit to collect this Note or to realize on your security interest under the Mortgage.

**5. MY RIGHT TO MAKE PREPAYMENTS/PREPAYMENT PENALTY** - I have the right to make payments of principal before they are due. Any payment made before it is due is known as a "prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

If I make a prepayment, there will be no changes in the amount of my monthly payments unless you agree to those changes. Except as provided below, I may make a full or partial prepayment at any time without penalty. If I prepay in full during the first two years of this loan, you may charge me a prepayment penalty in an amount equal to 1% of the original principal amount. Except to the extent required by applicable law, you earn any prepaid finance charge at the time the loan is made and no part of it will be refunded if I pay in full ahead of schedule. (46)

**6. MY WAIVERS** - I waive my rights to require you to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else (i) who agrees to keep the promises made in this Note, or (ii) who agrees to make payments to you if I fail to keep my promises under this Note, or (iii) who signs this Note to transfer it to someone else (known as "guarantors, sureties, and endorsers"), also waives these rights.

**7. CHANGES/DELAY IN ENFORCEMENT** - No change or cancellation of this Note shall be effective unless the change or cancellation is in writing and has been signed by you and me. You can delay enforcing, or fail to enforce, any or all of your remedies or rights under this Note without losing those or other remedies or rights.

**8. GIVING OF NOTICES** - Any notice that must be given to me under this Note will be given by delivering it or by mailing it addressed to me at the Mailing Address above. A notice will be delivered to me at a different address if I give you a notice of my different address.

Any notice that must be given to you under this Note will be given by mailing it to you at the address stated above. A notice will be mailed to you at a different address if I am given a notice of that different address.

**9. THIS NOTE COVERED BY A MORTGAGE** - A Mortgage of the same date as this Note protects you from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**10. RESPONSIBILITY OF PERSONS UNDER THIS NOTE** - If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed plus the charges as described in Section 4(D) above and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 6 above) is also obligated to do these things. You may enforce your rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 6 above) is also obligated to keep all of the promises made in this Note.

**11. APPLICATION OF PAYMENTS** - Payments will be applied to accrued interest before the unpaid principal balance.

**12. LOAN CHARGES** - If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**13. GOVERNING LAW** - This Note is made pursuant to the Alternative Mortgage Transactions Parity Act of 1982 and applicable regulations. Otherwise, to the extent not preempted by such Act or regulations, this Note is governed by Ohio law, including Chapter 1343 of the Ohio Revised Code, except that with respect to the maximum interest rate and number of points permitted, this Note is governed by the provisions of the Depository Institutions Deregulation and Monetary Control Act of 1980, and any other applicable federal law. In the event of a conflict between any provision of this Note and any federal or Ohio State statute, law or regulation in effect as of the date of this Note, the statute, law or regulation shall control to the extent of such conflict and the provision contained in this Note shall be without effect. All other provisions of this Note will remain fully effective and enforceable.

SEE OTHER SIDE FOR ADDITIONAL IMPORTANT TERMS

*Initial(s)*

CERTIFIED TRUE COPY

2-2521B

**EXHIBIT**

# REAL ESTATE MORTGAGE

This Mortgage is made pursuant to the provisions of Chapter 1343 of the Ohio Revised Code, except that it is also subject to the Depository Institutions Deregulation and Monetary Control Act of 1980, and the Alternative Mortgage Transactions Parity Act of 1982 and applicable regulations.

| Name and Address of Mortgagor(s): | Lender: |
|---|---|
| GLENN A GALEMMO<br>KRISTINE E GALEMMO<br>2545 S ROOKWOOD<br>CINCINNATI, OH 45208<br>Marital Status: HUSBAND AND WIFE<br>MIN: | THE CIT GROUP/CONSUMER FINANCE, INC.<br>8044 MONTGOMERY ROAD<br>SUITE 225<br>CINCINNATI, OH 45236<br>Mortgagee: MERS<br>P.O. BOX 2026<br>FLINT, MI 48501-2026 |

| Loan Number | Date | Date Final Payment Due | Principal Balance |
|---|---|---|---|
|  | 11/29/04 | 12/01/34 | $ 641,250.00 |

The words "I," "me" and "my" refer to all Mortgagors indebted on the Note secured by this Mortgage. The words "you" and "your" refer to Lender and Lender's assignee if this Mortgage is assigned. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Mortgage. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**MORTGAGE OF REAL ESTATE**

To secure payment of a Note I signed today promising to pay you the Principal Balance as shown above together with interest at the rate in effect from time to time as provided in the Note secured by this Mortgage, each of the persons signing this Mortgage mortgages, and confirms to MERS and its successors and assigns, (solely as nominee for Lender and Lender's successors and assigns) you the real estate described below, and all present and future improvements on the real estate, which is located in Ohio, County of _____HAMILTON_____, (the "Premises").

SEE ATTACHED LEGAL DESCRIPTION 'EXHIBIT A'

```
Hamilton County Recorders Office
Doc #: 04-0244374 Type: MT
Filed: 12/06/04 09:09:41 AM $44.00
Off.Rec.: 09798  02517  F G2 4  303

b0979802517Fb
```

SEE ATTACHED ADJUSTABLE RATE MORTGAGE RIDER TO MORTGAGE

These Premises are improved by a __S__ family dwelling only.

Property Address: __1849 MADISON ROAD, CINCINNATI, OH 45206__

Prior Instrument reference: Vol. __7966__, Page __202__.

Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Premises; and to take any action required of Lender including, but not limited to, releasing and canceling this Mortgage.

**TERMS AND CONDITIONS:**

**STATUTORY CONDITION** - This Mortgage is given upon the Statutory Condition. "Statutory Condition" is defined in Section 5302.14 of the Revised Code and provides generally that if I pay the indebtedness and perform the other obligations secured by this Mortgage and do not commit or permit waste, then this Mortgage will become null and void.

**TAXES - LIENS - INSURANCE - MAINTENANCE** - I will pay, when they are due and payable, all taxes, liens, assessments, obligations, water rates and any other charges against the Premises, whether superior or inferior to the lien of this Mortgage, maintain hazard insurance on the Premises in your favor in a form and amount satisfactory to you and maintain and keep the Premises in good repair at all times during the term of this Mortgage. You may pay any such tax, lien, assessment, obligation,

SEE OTHER SIDE FOR ADDITIONAL IMPORTANT TERMS

_____(Seal)  _____(Seal)
GLENN A GALEMMO                    KRISTINE E GALEMMO
(Type name of Mortgagor)           (Type name of Mortgagor)

_____(Seal)  _____(Seal)
(Type name of Mortgagor)           (Type name of Mortgagor)

**ACKNOWLEDGMENT**

State of Ohio
County of __HAMILTON__

Before me, a notary public in and for the above County, personally appeared the above named __MORTGAGORS__, who acknowledged that (he-she-they) did sign the foregoing instrument, and that the same is (his-her-their) free act and deed.

In testimony whereof, I have hereunto subscribed my name at
3500 RED BANK ROAD CINCINNATI, OH 45227
on the __29TH__ day of __NOVEMBER__, __2004__.

_Amy Jane Griffin_
(Notary Public)

AMY JANE GRIFFIN
Notary Public, State of Ohio         THE CIT GROUP/CONSUMER FINANCE, INC.
My Commission Expires                (Type Name)
December 16, 2005                    None
                                     (Type Name)

2-2524A (4/04) Ohio First Mortgage - Adjustable Rate              Page 1 of 2

9798    2517

water rates, premium or other charge (including charges to repair the Premises) or purchase such insurance in your own name, if I fail to do so. The amount you pay will be due and payable to you on demand, will bear interest at the interest rate in effect from time to time as provided in the Note secured by this Mortgage if permitted by law or, if not, at the highest lawful interest rate, will be an additional lien on the Premises and may be enforced and collected in the same manner as the other obligations secured by this Mortgage. The insurance carrier providing the insurance referred to above will be chosen by me subject to your approval which will not be unreasonably withheld. All insurance policies and renewals must be acceptable to you and must include a standard mortgagee clause. You will have the right to hold the policies and renewals. If you require, I will promptly give to you all receipts of paid premiums and renewal notices. In the event of a loss, I will give prompt notice to the insurance carrier and you. You may file a proof of loss if not made promptly by me. Insurance proceeds will be applied to the restoration or repair of the Premises damaged or, at your option, the insurance proceeds will be applied to the sums, secured by this Mortgage, whether or not then due, with any excess paid to me. If I abandon the Premises, or do not answer within ten (10) days, a notice from you that the insurance carrier has offered to settle a claim, then you may collect the insurance proceeds. The ten (10)-day period will begin when the notice is given.

**TITLE** - The Premises were conveyed to me by a deed which is to be, or has been, recorded before this Mortgage, and I warrant the title to the Premises. I further warrant that the lien created by this Mortgage is a valid and enforceable first lien, subordinate only to easements and restrictions of record on the date of this Mortgage, and that during the entire term of the indebtedness secured by this Mortgage, such lien will not become subordinate to anything else.

**CONDEMNATION** - The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation (the taking of my property for a public use) or other taking of any part of the Premises, or for conveyance in lieu of condemnation, are hereby assigned and will be paid to you and are subject to the lien of and secured by this Mortgage. In the event of a taking of the Premises, the proceeds will be applied to the sums secured by this Mortgage, whether or not then due, with any excess paid to me. If the Premises are abandoned by me, or if, after notice by you to me that the condemnor offers to make an award or settle a claim for damages, I fail to respond to you within ten (10) days after the date the notice is given, you are authorized to collect and apply the proceeds, at your option, either to the restoration or repair of the Premises, or to the sums secured by this Mortgage, whether or not then due.

**DUE ON SALE OR ALTERATION** - Except in those circumstances in which Federal law otherwise provides, I will not, without your consent, sell or transfer the Premises or alter, remove or demolish the buildings on the Premises, allow the Premises to deteriorate or commit waste.

**DEFAULT** - If I default in paying any part of the indebtedness secured by this Mortgage or if I default in any other way under this Mortgage or under the Note which it secures, or if I default under the terms of any other mortgage covering the Premises, the entire unpaid principal balance and accrued and unpaid interest and any other amounts I then owe to you under this loan will become immediately due if you desire, without your advising me. If I am required to pay immediately in full as described above, I promise to pay your costs and disbursements to which you may become entitled by law in connection with any suit to collect the Note or to realize on your security interest under this Mortgage. If any money is left over after you foreclose on this Mortgage and deduct such reasonable costs and disbursements incurred if legally permitted, it will be paid to the persons legally entitled to it, but if any money is still owing, I agree to pay you the balance.

**APPOINTMENT OF RECEIVER AND ASSIGNMENT OF RENTS** - I agree that you are entitled to the appointment of a receiver in any action to foreclose on this Mortgage and you may also enter the Premises and take possession of them, rent them if the Premises are not already rented, receive all rents and apply them to the obligations secured by this Mortgage. Except as required by law, you shall not be obligated to perform or discharge any obligation under any lease by reason of this assignment. I assign all rents to you but you agree that I may continue to collect the rents unless I am in default under this Mortgage or the Note.

**RIGHTS CUMULATIVE** - Your rights under this Mortgage will be separate, distinct and cumulative and none of them will be in exclusion of any other nor will any act of yours be considered as an election to proceed under any one provision of this Mortgage to the exclusion of any other provision.

**NOTICES** - I agree that any notice and demand may be given to me either in person or by mail.

**RELEASE** - Upon payment of all sums secured by this Mortgage, you shall release the Premises from the lien of this instrument. I shall pay recording costs to the extent permitted by applicable law.

**WAIVER OF EXEMPTIONS** - Each person signing this Mortgage waives all rights of dower in the real estate, all marital rights, homestead exemptions, and all other exemptions relating to the Premises.

**EXTENSIONS AND MODIFICATIONS** - Each of the persons signing this Mortgage agrees that no extension of time or other variation of any obligation secured by this Mortgage will affect any other obligation under this Mortgage.

**APPLICABLE LAW** - This Mortgage is made pursuant to the Alternative Mortgage Transactions Parity Act of 1982 and applicable regulations. Otherwise, to the extent not preempted by such Act or regulations, this mortgage is governed by Ohio law including Chapter 1343 of the Ohio Revised Code except that with respect to the maximum interest rate and number of points permitted, this Mortgage is governed by the provisions of the Depository Institutions Deregulation and Monetary Control Act of 1980, and any other applicable Federal law.

**RECEIPT OF COPY** - Each person signing this Mortgage acknowledges receipt of a completed and signed copy of this Mortgage.

**BINDING EFFECT** - This mortgage is binding on and inures to your, my and MERS' successors and assigns.

SEE OTHER SIDE FOR ADDITIONAL IMPORTANT TERMS

Upon recording mail to:
Nationwide Title Clearing, Inc.
2100 Alt 19 North, Palm Harbor, Fl 34683    ATTN: Dusti Woodbury - CIT Unit

/29/04    16:08    GLENN A GALEMMO

Initial(s) _____  X _____

Page 2 of 2

9798    2518

# ADJUSTABLE RATE RIDER

THIS ADJUSTABLE RATE RIDER is made this __29TH__ day of __NOVEMBER__, __2004__, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or similar instrument (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Promissory Note (the "Note") to **THE CIT GROUP/CONSUMER FINANCE, INC.**, (the "Lender") of the same date and covering the Property described in the Security Instrument and located at: _____
**1849 MADISON ROAD CINCINNATI, OH 45206**

*Property Address*

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

The Note provides for an initial interest rate of __8.250__ %. The Note provides for changes in the interest rate and the monthly payments, as follows. The interest rate I will pay may change on __12/01/06__ and on that day every __6__ month(s) thereafter. Each date on which my interest rate could change is called a "Change Date."

Beginning with the first Change Date, my interest will be based on an Index. The "Index" is the average of the interbank offered rates for six month U.S. Dollar deposits in the London market based on quotations of 5 major banks (LIBOR), as published in the Wall Street Journal. If the Index is no longer available, the Note Holder will choose a new Index which is based upon comparable information. The Note Holder will give me notice of this choice. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index." Before each Change Date, the Note Holder will calculate my new interest rate by adding __6.750__ % to the Current Index. The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment. The interest rate I am required to pay at the first Change Date will not be greater than __11.250__ % or less than __5.250__ %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than __1.000__ % from the rate of interest I have been paying for the preceeding __6__ months. My interest rate will never be greater than __14.250__ %. My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again. The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and possibly certain other information as well.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)      _____ (Seal)
**GLENN A GALEMMO**           -Borrower        **KRISTINE E GALEMMO**         -Borrower

_____ (Seal)      _____ (Seal)
                              -Borrower                                      -Borrower

11/29/04    16:07    ████████
82-4383 (1/00) Multistate Adjustable Rate Mortgage Rider - LIBOR

9798    2519

04C0604-0                                    15A-100D
GALEMMO                                      56-2-12

### EXHIBIT A

Situated in the City of Cincinnati, County of Hamilton and State of Ohio, and being more particularly described as follows:
Being all that certain tract of land containing 455/1000 of an acre, in Section 2, Township 3, Fractional Range 2, Miami Purchase, fronting 100 feet on the southerly side of Madison Road and extending back southwardly between parallel lines of equal length a distance of 200 feet, being the same width in rear as in front, adjoining and lying immediately eastwardly of the lot conveyed by the heirs of John Baker, deceased, to Charles Kruse, by deed dated January 2, 1892 recorded in Book 727 page 116 of the records of Hamilton County, Ohio, the Northwest corner of the lot herein conveyed being a point in the southerly line of Madison Road 353.38 feet eastwardly from the Southeast corner of the West arm of Keys Crescent (formerly Woodburn Crescent) and Madison Road, measured eastwardly along the South line of Madison Road.

Auditor's Parcel 56-2-12

9798    2520